**BARRERA & ASSOCIATES**
**PATRICIO T.D. BARRERA (SBN 149696)**
**STEPHEN G. SVAJIAN (SBN 266581)**
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, California 90266
Telephone: 310.802.1500
Telefax:    310.802.0500

Attorneys for Plaintiff DONE! Ventures, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DONE! VENTURES, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; NBC UNIVERSAL, INC., a Delaware Corporation; IVILLAGE, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:10-cv-04420-SJO-JC<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>[Removed from Los Angeles County Superior Court Case No. BC439011] |

**TO DEFENDANTS GENERAL ELECTRIC COMPANY, NBC UNIVERSAL, INC., iVILLAGE, INC., AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that Plaintiff DONE! Ventures, LLC, hereby applies ex parte for a temporary restraining order and an Order to Show Cause (OSC) hearing re: preliminary injunction.

///

///

Good cause exists for the relief sought. Plaintiff contracted with defendants to purchase the domain names, women.com and women.net. Defendants have refused to transfer the domain names to plaintiff. Since the filing of this lawsuit, defendants first modified the domain names in a manner that injured their economic value. Then, defendants pointed the names to iVillage - Done's competitor - hurting Done's competitive position. Consequently, immediate, injunctive relief is necessary and proper.

Based on the declarations of Benjamin L. Padnos, Andrew Ball, and Patricio Barrera (hereafter "Padnos Dec.", "Ball Dec.", "Barrera Dec.", respectively) filed concurrently herewith, defendants General Electric Company, NBC Universal, Inc., and iVillage, Inc. should be ordered to show cause why defendants should not be enjoined pending trial of this action and ordered to:

1.  Transfer the domain names Women.com and Women.net to an agreed-upon escrow agent so that a third party may reestablish Women.com and Women.net as web sites, which will be indexed by Google's search spider and the search spiders and indexing tools of other search engine providers until the hearing on the preliminary injunction set for _____, 2010;

2.  File and serve on Plaintiff a statement, under penalty of perjury that each of the defendants have fully complied with the terms of the Court's Order and that to their knowledge, no other person is in violation of the terms of the Order.

Defendants should be further Ordered to Show Cause why defendants should not be restrained and enjoined pending trial in this action, as follows:

1.  Pointing the domains to www.iVillage.com;

2.  Refrain from selling or transferring the domain names Women.com and Women.net;

3.  Refrain from marketing, developing or otherwise encumbering the domain names Women.com and Women.net.

/ / /

## TEMPORARY RESTRAINING ORDER

PENDING HEARING on the above Order to Show Cause, defendants, defendants' agents, employees, assigns and all those acting in concert with defendants should be ordered to:

1. Transfer the domain names Women.com and Women.net to an agreed upon escrow agent so that a third party may reestablish Women.com and Women.net as web sites, which will be indexed by Google's search spider and the search spiders and indexing tools of other search engine providers until the hearing on the preliminary injunction set for _____, 2010;

2. File and serve on plaintiff a statement, under penalty of perjury that each of the defendants have fully complied with the terms of the Court's Order and that to their knowledge, no other person is in violation of the terms of the Order.

Pending hearing on the above Order to Show Cause, defendants, defendants' agents, employees, assigns and all those acting in concert with defendants should be restrained and enjoined from:

1. Pointing the domains to www.iVillage.com;

2. Selling or transferring the domain names Women.com and Women.net; and

3. Marketing, developing or otherwise encumbering the domain names Women.com and Women.net.

Plaintiff requests that the Court establish a briefing schedule so that any opposition papers to the OSC shall be filed and served on Plaintiff DONE!'s counsel and reply papers to such opposition shall be filed and served on defendants promptly thereafter.

Plaintiff requests the court to consolidate the hearing with the trial on the merits, ie, to advance the trial and consolidate it with the hearing pursuant to FRCP Rule 65(a)(1). Plaintiff is prepared to give security pursuance to FRCP Rule 65(c) to obtain the TRO.

Notice of this application and relief requested herein, was delivered, pursuant to Local Rule 7-19.1, by electronic mail to opposing counsel, Scott Edelman, Esq. and Michael Dore, Esq. on Thursday, July 1, 2010 at 3:25 p.m., as indicated by Exhibit 1 to the declaration of Patricio T.D. Barrera.

This application and motion will be based on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Benjamin Padnos, Patricio Barrera and Andrew Ball, and Exhibits attached thereto; the concurrently filed [Proposed] Order; any such matter, record, document and/or information of which this Court may appropriately take judicial notice; all the pleadings, papers, records and information on file in this action; and any such other oral and/or documentary evidence as the Court may consider in connection with this *Ex Parte* Application.

Dated: July 2, 2010                         BARRERA & ASSOCIATES

                                            By: /s/ Patricio T.D. Barrera
                                            Patricio T.D. Barrera
                                            Attorneys for Plaintiff DONE! Ventures, LLC

Plaintiff's Ex Parte Application for a TRO and OSC re: Preliminary Injunction