GIBSON, DUNN & CRUTCHER LLP
SCOTT EDELMAN, SBN 116927
sedelman@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, California 90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

MICHAEL DORE, SBN 227442
mdore@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendants
General Electric Company;
NBC Universal, Inc.; and iVillage, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DONE! VENTURES, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; NBC UNIVERSAL, INC., a Delaware Corporation; and IVILLAGE, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. <u>CV10-04420-SJO(JCx)</u><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>[DECLARATION OF TANIA M. KREBS SUBMITTED CONCURRENTLY HEREWITH] |

# I. INTRODUCTION

Not only is there no impending threat of irreparable harm—or even harm of any sort—but Plaintiff already lost an almost identical *ex parte* request for a temporary restraining order ("TRO") in the state court before this action was removed. Now, it seeks a second bite at the apple in this Court.  The only portion of Plaintiff's TRO request that seems different from what the state court denied in its own *ex parte* hearing relates to Defendants' pointing of the domain names at issue to iVillage.com. But while Plaintiff (and its counsel) now calls this action "outrageous" and "despicable" (Mem. at 2), it was that same counsel for Plaintiff who almost two weeks ago ***expressly endorsed*** pointing the domain names to iVillage.com, saying it "resolved" one of Plaintiff's issues driving its first TRO request.  Plaintiff's second *ex parte* attempt to force a mandatory injunction on Defendants thus is a frivolous waste of this Court's time and resources and should be denied.

This Court notes in its Civil Standing Order that "[e]x parte applications are discouraged." Order ¶ 21.  Nevertheless, without any effort even to have a discussion with Defendants before filing, Plaintiff has largely duplicated its failed *ex parte* request from the state court.  On June 15, 2010, the Los Angeles Superior Court denied an *ex parte* request strikingly similar to the one Plaintiff presents here.  That court denied Plaintiff's request for a temporary restraining order and set a preliminary injunction hearing for July 9, 2010.  Later the same day, Defendants General Electric Company ("GE") and NBC Universal, Inc. ("NBC") removed the case to this Court.[1] Now, two weeks later, Plaintiff has forced this Court (and Defendants) to drop everything to hear its meritless request.  As was held in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), which this Court cites in its Civil Standing Order, "[l]awyers must understand that filing an ex parte

---

[1] Defendant iVillage, Inc. had not yet at that time been served or agreed to waive service of Plaintiff's summons and complaint.

Gibson, Dunn & Crutcher LLP

motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Id.* at 492. Here, as the state court already held, there is none.

The state court rejected Plaintiff's original TRO request to force Defendants to transfer their domain names to a third party. Of the three other things Plaintiff seeks to enjoin in its proposed TRO, two also were denied by the state court and one was— more than two weeks ago—expressly ***requested*** by Plaintiff. The state court's ruling as to the requested transfer of the domain names and those first two prongs should be adopted here as the law of the case. *See, e.g., Newson v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 52849 (E.D. Cal. June 23, 2009). And because the third prong— which relates to pointing the domain names away from iVillage.com—seeks to enjoin an action that Plaintiff actually requested, there likewise is no sufficient basis for any injunction on that issue.

In fact, on June 21, 2010, Plaintiff's counsel said that pointing the domain names to iVillage.com actually "resolved, for now" one of the issues driving Plaintiff's state court request for a TRO. Email of Pat Barrera, a true and correct copy of which is attached hereto as Exh. B. Now, late on Friday afternoon before a holiday weekend, having made no attempt to discuss the issue with Defendants before filing an *ex parte* application and no attempt to explain what changed since June 21, Plaintiff breathlessly calls this same conduct "outrageous" and "despicable." Plf. Mem. at 2. This inexplicable about-face only heightens the need for Plaintiff to follow a proper noticed motion schedule rather than to try to rush through as an *ex parte* its meritless injunction request.

Indeed, Plaintiff here asks the Court to order Defendants to direct the Women.com and Women.net domain names away from where they are currently pointed (*i.e.*, to iVillage.com) and to affirmatively transfer them to a third party. This request for the Court to command Defendants to commit positive acts means that Plaintiff seeks a "mandatory" injunction that is "subject to a heightened scrutiny and

should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharm. Corp.*, 7 F.3d 27, 33-34 (9th Cir. 1993).  Plaintiff cannot meet this standard.

There actually was no need for Plaintiff even to try to do so.  Defendants repeatedly have stated to Plaintiff that they have no intention of selling the domain names at issue in the near term and that they are willing to enter into a reasonable stipulation to that effect.  Declaration of Tania Krebs ("Krebs Decl.") ¶ 6. Nevertheless, Plaintiff has chosen to burden this Court with a wholly meritless *ex parte* request for a TRO.  Defendants respectfully request that the Court deny Plaintiff's TRO request and order any request by Plaintiff for injunctive relief to be made by noticed motion so Defendants have a reasonable opportunity to respond.[2]

## II. DISCUSSION

One need look no further than the Ninth Circuit case quoted at length in Plaintiff's memorandum of points and authorities to see that its *ex parte* request here is baseless.  That case, *CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138 (9th Cir. 2010), with its purported "well-articulated policy" about domain names that Plaintiff seeks to vindicate by TRO, involved the purported "theft of . . . two domain names." *Id.* at 1141.  But an examination of that case's docket shows that there was no TRO issued and there was no preliminary injunction.  N.D. Cal. Case No. 06-cv-07093.  Rather, the case proceeded to summary judgment, which the Ninth Circuit reversed.  That case did not even seem to involve the Plaintiff's *express endorsement* of the very conduct

---

[2] Defendants also believe that Plaintiff should be sanctioned for its frivolous, duplicative and unfounded *ex parte* application to this Court, and reserve all rights to seek all available penalties against Plaintiff pursuant to the proper procedures. Even before Plaintiff filed its *ex parte* request, Defendants' counsel gave notice to Plaintiff that pursuing an *ex parte* here was improper. *See* Email attached as Exhibit 1 to the Declaration of Plaintiff's counsel Pat Barrera.  Plaintiff's labeling as "despicable" the conduct of Defendants that Plaintiff had previously *expressly endorsed* further demonstrates the flippancy with which Plaintiff is willing to treat Defendants' and, more important, this Court's, time.

Gibson, Dunn & Crutcher LLP

1  it sought to overturn. *See* Email of Pat Barrera, Exh. B. So it only undermines

2  Plaintiff's purported need for expedited relief here.

3       Plaintiff asks this Court to order Defendants to "transfer the domain names

4  Women.com and Women.net to an escrow agent or a neutral third party, and/or enjoin

5  defendants from transferring, selling, marketing, developing, or encumbering the

6  names in any other way." Plf. Mem. at 1. The request to force the transfer of the

7  domain names to a third party is identical to what the state court denied in response to

8  Plaintiff's original TRO. Plaintiff's alternative request for injunctive relief

9  specifically seeks three things: (1) change the domains for Women.com and

10  Women.net to force them to "point" to something other than iVillage.com; (2) prevent

11  defendants from "[s]elling or transferring the domain names Women.com and

12  Women.net"; and (3) prevent defendants from "[m]arketing, developing or otherwise

13  encumbering the domain names of Women.com and Women.net." All three requests

14  are unsupportable and should be rejected.

15       As with the request to transfer the domain names outright, requests number 2

16  and number 3 are identical to what Plaintiff requested from the state court in its

17  June 14, 2010 ex parte application, which Defendants GE and NBC included in their

18  removal papers filed in this Court on June 15, 2010 and is included here as Exhibit A.

19  Prior to removal, the state court ruled on those exact requests, denying Plaintiff's

20  *ex parte* application for a TRO and setting a preliminary injunction hearing for the

21  following month. Accordingly, those rulings are the law of this case, and Plaintiff's

22  requests again should be denied. *See, e.g., Newson v. Wal-Mart Stores, Inc.,*

23  2009 U.S. Dist. LEXIS, at *15 (E.D. Cal. June 23, 2009) (noting in a case that had

24  been removed to federal court that a dismissal order by the Merced County Superior

25  Court was "law of the case"); *Piekarski v. Home Owners Savs. Bank, F.S.B.,* 759 F.

26

27

28

Gibson, Dunn &
Crutcher LLP

Supp. 542, 544 (D. Minn. 1991) ("Upon removal, the federal court must treat all state court rulings as if they occurred in federal court.").[3]

Request number 1 asks the Court to order Defendants to redirect Women.com and Women.net away from iVillage.com. But Defendants directed those domains to iVillage.com as a good-faith attempt to avoid burdening the Court with precisely this type of unwarranted *ex parte* proceeding. In fact, Defendants acted in **direct response** to Plaintiff's request that those domains be directed "anywhere," as long as they were made live links so they could be "ranked" by Google once again. Plaintiff made this request to Defendants in the hallway of the Los Angeles Superior Court building prior to the hearing on Plaintiff's state court *ex parte* application. Krebs Decl. ¶¶ 3-4. Defendants then acted in response to Plaintiff's request, *id.* ¶ 5, and Plaintiff's counsel then emailed Defendants' counsel stating that the redirection of the domain names to iVillage.com had "resolved, for now" "one of the two issues driving my client's request for a TRO" – specifically, that the links had been "dead" because they were not pointing to any other website. Exh. B.

Clearly, Plaintiff seeks to force Defendants' affirmative acts. Among other things, it seeks to force Defendants to redirect the Women.com and Women.net domains away from iVillage.com, where they are now directed (at Plaintiff's request). *See* Ex Parte Application at 3. Plaintiff also seeks to force Defendants to "[t]ransfer the domain names Women.com and Women.net" to a third party. *Id.* at 2. This type of mandatory injunction is "particularly disfavored," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*, 571 F.3d 873, 879 (9th Cir. 2009), and "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the

---

[3] Application of the law-of-the-case doctrine is further supported by the lack of any material difference between the requirements for justifying a preliminary injunction under federal law and under California law. *Compare Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (listing likelihood of success on the merits and likelihood of harm absent preliminary injunction) *with Shoemaker v. County of Los Angeles*, 37 Cal. App. 4th 618, 624-25 (1995) (same).

Gibson, Dunn & Crutcher LLP

moving party." *Dahl*, 7 F.3d at 33-34.  Plaintiff cannot meet this high standard now in seeking a TRO, just as it could not in the state court only a few weeks ago.

To the extent Plaintiff wants to pursue a preliminary injunction, it should be required to file the appropriate noticed motion and provide Defendants a reasonable chance to oppose that application.  As Judge Rymer noted in *In re Intermagnetics America, Inc.*, 101 B.R. 191 (C.D. Cal. 1989), "[t]imetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes."  101 B.R. at 193. But "[e]x parte applications throw the system out of whack," and they "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." *Id*.  Here, there truly is no good reason for Plaintiff's attempt to circumvent the framework of a noticed motion.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's *ex parte* request and order that any request by Plaintiff for a preliminary injunction occur by noticed motion.

DATED:  July 6, 2010

GIBSON, DUNN & CRUTCHER LLP

By: _____
        Scott Edelman

Attorneys for Defendants General Electric Company; NBC Universal, Inc.; and iVillage, Inc.

# EXHIBIT A

1 | BARRERA & ASSOCIATES
PATRICIO T.D. BARRERA (SBN 149696)
2 | STEPHEN G. SVAJIAN (SBN 266581)
1500 Rosecrans Avenue, Suite 500
3 | Manhattan Beach, California 90266
Telephone: 310.802.1500
4 | Telefax:    310.802.0500

5 | Attorneys for Plaintiff DONE! Ventures, LLC

6

7

8

9

10

        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

        **IN AND FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 10 DONE! VENTURES, LLC, a Delaware Limited ) | Case No. BC439011 |
| 11 Liability Company, ) | |
|   ) | [Assigned to Hon. Susan Bryant-Deason, |
| 12         Plaintiff, ) | Dept. 52] |
|   ) | |
| 13       vs. ) | |
|   ) | **PLAINTIFF'S EX PARTE** |
| 14 GENERAL ELECTRIC COMPANY, a New ) | **APPLICATION FOR A** |
| York Corporation; NBC UNIVERSAL, INC., a ) | **TEMPORARY RESTRAINING** |
| 15 Delaware Corporation; IVILLAGE, INC., a ) | **ORDER AND ORDER TO SHOW** |
| Delaware Corporation, and DOES 1 through 10, ) | **CAUSE RE: PRELIMINARY** |
| 16 inclusive, ) | **INJUNCTION** |
|   ) | |
| 17       Defendants. ) | |
|   ) | Date:   June 15, 2010 |
| 18 | Time:   8:30 a.m. |
| | Dept.:  52/85 |
| 19 | |
| | Complaint Filed: June 3, 2010 |
| 20 | |

21

22     **TO DEFENDANTS GENERAL ELECTRIC COMPANY, NBC UNIVERSAL,**

23     **INC., iVILLAGE, INC., AND THEIR ATTORNEYS:**

24     Plaintiff DONE! Ventures, hereby applies ex parte for a temporary restraining order and

25 Order to Show Cause (OSC) re: preliminary hearing as follows:

26 /// 

27 /// 

28 /// 

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

- 1 -

Plaintiff's Ex Parte Application for a TRO and OSC re: Preliminary Injunction
EXHIBIT A
PAGE 34

9

1    Plaintiff contracted with defendants to purchase the domain names, women.com and

2    women.net. Defendants have refused to transfer the domain names to plaintiff. Since the filing

3    of this lawsuit, defendants have modified the domain names in a manner that injures their

4    economic value. Consequently, injunctive relief is necessary and proper.

5        Based on the declarations of Benjamin L. Padnos, Andrew Ball, and Patricio Barrera

6    (hereafter "Padnos Dec.", "Ball Dec.", "Barrera Dec.", respectively) filed concurrently herewith,

7    DEFENDANTS GENERAL ELECTRIC COMPANY, NBC UNIVERSAL, INC., AND

8    iVILLAGE, INC. EACH OF YOU ARE HEREBY ORDERED TO SHOW CAUSE why you,

9    your agents, servants, assigns and all those acting in concert with you, should not be enjoined

10   pending trial of this action and ordered to:

### ORDER TO SHOW CAUSE

12   1.    Transfer the domain names Women.com and Women.net to plaintiff Done!

13   Ventures, LLC or to an agreed upon escrow agent so that plaintiff or a third party may reestablish

14   Women.com and Women.net as web sites, which will be indexed by Google's search spider and

15   the search spiders and indexing tools of other search engine providers until the hearing on the

16   preliminary injunction set for _____, 2010;

17   2.    File and serve on Plaintiff a statement, under penalty of perjury that each of the

18   defendants have fully complied with the terms of the Court's Order and that to their knowledge,

19   no other person is in violation of the terms of the Order.

20   **You and Each of You Are Hereby further Ordered to Show Cause why you, your**

21   **agents, servants, assigns and all those acting in concert with you, should not be**

22   **restrained and enjoined pending trial in this action, as follows:**

23   1.    Refrain from selling or transferring the domain names Women.com and

24   Women.net;

25   2.    Refrain from marketing, developing or otherwise encumbering the domain names

26   Women.com and Women.net.

27   / / /

28   / / /

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

- 2 -

Plaintiff's Ex Parte Application for a TRO and OSC re: Preliminary Injunction

EXHIBIT A
PAGE 35

<u>TEMPORARY RESTRAINING ORDER</u>

1

2    PENDING HEARING on the above Order to Show Cause, you, your agents, servants,

3  assigns and all those acting in concert with you, ARE HEREBY ORDERED TO:

4    1.   Transfer the domain names Women.com and Women.net to plaintiff or to an

5  agreed upon escrow agent so that plaintiff or a third party may reestablish Women.com and

6  Women.net as web sites, which will be indexed by Google's search spider and the search spiders

7  and indexing tools of other search engine providers until the hearing on the preliminary

8  injunction set for _____, 2010;

9    2.   File and serve on plaintiff a statement, under penalty of perjury that each of the

10  defendants have fully complied with the terms of the Court's Order and that to their knowledge,

11  no other person is in violation of the terms of the Order.

12    **PENDING HEARING on the above Order to Show Cause, you, your agents,**

13  **servants, assigns and all those acting in concert with you, ARE HEREBY RESTRAINED**

14  **AND ENJOINED from:**

15    1. Selling or transferring the domain names Women.com and Women.net; and

16    2. Marketing, developing or otherwise encumbering the domain names Women.com and

17  Women.net.

18    Plaintiff requests that the Court establish a briefing schedule so that any opposition

19  papers to the OSC shall be filed and served on Plaintiff DONE!'s counsel and reply papers to

20  such opposition shall be filed and served on defendants promptly thereafter.

21    This application is made on the ground that good cause exists for the requested relief.

22    Notice of this application, the relief requested herein, and the date, time and location of

23  the presentation thereon to the Court, was delivered telephonically and by electronic mail to

24  opposing counsel, Tania Hoff, Esq. on Monday, June 14, 2010 at 9:57 a.m., as indicated by

25  Exhibit A to the declaration of Patricio T.D. Barrera. Ms. Hoff indicated that defendants would

26  oppose the motion. As such, plaintiff's counsel represented that the enclosed set of moving

27  papers would be sent via email to defendants' counsel by the close of business on June 14, 2010,

28  which was done.

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

- 3 -

Plaintiff's Ex Parte Application for a TRO and OSC re: Preliminary Injunction

EXHIBIT A
PAGE 36

1    This application and motion will be based on this Notice, the attached Memorandum of

2    Points and Authorities, Declarations of Benjamin Padnos, Stephen Svajian, Patricio Barrera and

3    Andrew Ball, and Exhibits; the concurrently filed [Proposed] Order; any such matter, record,

4    document and/or information of which this Court may appropriately take judicial notice; all the

5    pleadings, papers, records and information on file in this action; and any such other oral and/or

6    documentary evidence as the Court may adduce at the time of the hearing on this *Ex Parte*

7    Application.

8

9    Dated: June 14, 2010                          BARRERA & ASSOCIATES

10

11                                                  By: _____
                                                       Patricio T.D. Barrera
                                                       Attorneys for Plaintiff DONE! Ventures, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

- 4 -

Plaintiff's Ex Parte Application for a TRO and OSC re: Preliminary Injunction

EXHIBIT A
PAGE 37

12

13

# EXHIBIT B

**From:** Pat Barrera [mailto:barrera@BAattorneys.com]
**Sent:** Monday, June 21, 2010 10:25 AM
**To:** Edelman, Scott A.
**Subject:** Re: Done! Ventures, LLC v. GE/NBC et al.

Hi Scott,

Agreed.  We'll serve our request later today via mail.

On a related note, it appears that that www.women.com and www.women.net are now pointing to iVillage.com.  They are no longer "dead links."  As such, one of the two issues driving my client's request for a TRO has been resolved, for now.  The remaining issue dealt with a concern about a sale or transfer of the assets to a third party.   Your side had offered to stipulate to hold the assets during the pendency of this litigation.  To avoid any further applications for injunctive relief, I propose that the parties stipulate that there will be no sale or transfer to a third party until this matter is resolved.   Let me know if your side will agree.  Meanwhile, we'll get the iVillage request form out to you.  Thanks, Pat

Patricio T.D. Barrera, a P.C.
Barrera & Associates
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Tel:  310.802.1500
Fax: 310.802.0500
www.BAattorneys.com
email: barrera@BAattorneys.com

Confidentiality Note: This e-mail is intended only for the person to which it is addressed and may contain information that is privileged, confidential and protected from disclosure.  Distribution or copying of this e-mail by anyone other than the intended recipient is prohibited.  If you have received this e-mail in error, please call Barrera & Associates, at 310.802.1500, and destroy the original message and all copies.  Thank you.

----- Original Message -----
**From:** Edelman, Scott A.
**To:** Pat Barrera
**Sent:** Friday, June 18, 2010 12:34 PM
**Subject:** RE: Done! Ventures, LLC v. GE/NBC et al.

1

14

Pat, nice meeting you too. How about if we do the following: you serve me with as request to waive service under 4(d). We will respond to that and agree to accept service on behalf of iVillage within the time specified by that rule (30 days). All defendants' responses to the complaint will be due at the same time as that of IVillage. Please let me know if that works.

Thanks.

Scott

**Scott Edelman**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2029 Century Park East, Los Angeles, CA 90067-3026
Tel +1 310.557.8061 • Fax +1 310.552.7041
SEdelman@gibsondunn.com • www.gibsondunn.com

---

**From:** Pat Barrera [mailto:barrera@BAattorneys.com]
**Sent:** Wednesday, June 16, 2010 4:35 PM
**To:** Edelman, Scott A.
**Subject:** Done! Ventures, LLC v. GE/NBC et al.

Dear Scott,

It was nice meeting you yesterday at the ex parte proceeding in the Done! Ventures, LLC matter.

I received the service copies of the removal papers filed by defendants GE and NBC.  I notice that you did not appear on behalf of defendant iVillage, Inc.

I am writing to request that your office agree to accept service on behalf of iVillage, Inc.  Please let me know if you are authorized to accept service for iVillage, Inc.  Otherwise, we will endeavor to effectuate service on the company. Thanks, Pat

Patricio T.D. Barrera, a P.C.
Barrera & Associates
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Tel:  310.802.1500
Fax: 310.802.0500
www.BAattorneys.com
email: barrera@BAattorneys.com

Confidentiality Note: This e-mail is intended only for the person to which it is addressed and may contain information that is privileged, confidential and protected from disclosure.  Distribution or copying of this e-mail by anyone other than the intended recipient is prohibited.  If you have received this e-mail in error, please call Barrera & Associates, at 310.802.1500, and destroy the original message and all copies.  Thank you.
=================================================================================
This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
=================================================================================

2

## CERTIFICATE OF SERVICE

I, **Kathleen Overleese,** declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State.  On July 6, 2010, I served the following document(s):

- **DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

- **DECLARATION OF TANIA M. KREBS IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

Patricio T.D. Barrera
Stephen G. Svajian
Barrera & Associates
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266

☐    **BY MAIL:**  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Gibson, Dunn &
Crutcher LLP

☐ **BY FACSIMILE**: From facsimile number (213) 229-7520, I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above.  The facsimile machine I used complied with applicable rules and no error was reported by the machine.  I caused the machine to print a transmission record of the transmission.

☑ **BY FED EX OVERNIGHT DELIVERY:**  On the above-mentioned date, I placed a true copy of the above mentioned document(s) in a sealed envelope or package designated by FEDEX with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by FEDEX or delivered same to an authorized courier or driver authorized by FEDEX to receive documents.

☑ I am employed in the office of Michael H. Dore, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑ **(FEDERAL)**      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 6, 2010.

_Kathleen Overleese_

Kathleen Overleese

Gibson, Dunn & Crutcher LLP