1  **BARRERA & ASSOCIATES**
   **PATRICIO T.D. BARRERA (SBN 149696)**
2  barrera@baattorneys.com
   **STEPHEN G. SVAJIAN (SBN 266581)**
3  ssvajian@gmail.com
   1500 Rosecrans Avenue, Suite 500
4  Manhattan Beach, California 90266
   Telephone:  310.802.1500
5  Telefax:    310.802.0500

6  Attorneys for Plaintiff Done! Ventures, LLC

7

8

9

                    UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11
                        WESTERN DIVISION
12

13  DONE! VENTURES, LLC, a Delaware        )   Case No. 2:10-cv-04420-SJO-JC
    Limited Liability Company,             )
14                                         )
                    Plaintiff,             )   **PLAINTIFF'S REPLY TO**
15                                         )   **DEFENDANTS' OPPOSITION**
            vs.                            )   **TO EX PARTE APPLICATION**
16                                         )   **FOR A TEMPORARY**
    GENERAL ELECTRIC COMPANY, a            )   **RESTRAINING ORDER AND**
17  New York Corporation; NBC              )   **ORDER TO SHOW CAUSE RE:**
    UNIVERSAL, INC., a Delaware            )   **PRELIMINARY INJUNCTION**
18  Corporation; IVILLAGE, INC., a         )
    Delaware Corporation, and DOES 1       )
19  through 10, inclusive,                 )   [Removed from Los Angeles
                                           )   County Superior Court Case No.
20                  Defendants.            )   BC439011]
                                           )
21  _____   )

22

23          Plaintiff Done! Ventures, LLC submits this reply to the opposition filed by

24  defendants General Electric Company, NBC Universal, Inc., and iVillage, Inc.

25  (collectively, referred to as "defendants") to plaintiff's ex parte application for a

26  temporary restraining order (TRO) and Order to Show Cause re: Preliminary

27  Injunction.

28

Plaintiff's Reply to Defendants'
Opposition to Ex Parte Application

## 1.   **INTRODUCTION**

Defendants' opposition (1) fails to provide a coherent argument that rebuts plaintiff's strong argument that it should be granted a TRO, (2) misrepresents the ruling on plaintiff's ex parte TRO application in state court, (3) glosses over plaintiff's evidence showing irreparable harm, and (4) misconstrues an email from plaintiff's counsel, which attempted to resolve the issues framed by the TRO application to avoid "further applications for injunctive relief," but did not expressly endorse pointing the domain names to defendant iVillage.

Defendants' opposition attempts to distract the Court from the merits of the claim – that a TRO is necessary to prevent irreparable harm to the unique properties which Done! purchased, until a trial on the merits at which time plaintiff is likely to prove defendants breached the purchase contract with Done!, and that Done! is entitled to specific performance.  Instead of addressing plaintiffs' substantive declarations and twenty-three exhibits, defendants fail to submit exhibits and rely wholeheartedly on one declaration, which merely states that defendants will stipulate to part of the relief requested by plaintiff's application, and they believe, incorrectly, that defendants' pointing of the domain names to iVillage.com resolved another part of plaintiff's request.

Defendants' opposition constitutes an attack on plaintiff; however, plaintiff has satisfied the requirements of *Mission Power Engineering Co.*  Defendants' attacks are based on an improper premise and do not overcome the core problem: Defendants' post-litigation conduct has harmed plaintiff and a TRO is necessary to preserve the assets at issue: **www.women.com** and **www.women.net.**

If this were a real estate dispute, the buyer (plaintiff) could file and record a notice of *lis pendens* to preserve rights pending litigation and to prevent the seller (defendants) from selling or harming the property.  In this unique, domain name dispute, the analogous remedy is a TRO.  This is the essence of plaintiff's ex parte application.  It is this essence which defendants miss.

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Plaintiff's Reply to Defendants'
Opposition to Ex Parte Application        -1-

## II.   DISCUSSION

### A.   Defendants' Opposition Fails to Provide A Coherent Argument that Rebuts Plaintiff's Evidence In Support of a TRO

In *Mission Power Engineering Co. v. Continental Casualty Co.,*, 883 F.Supp. 488, 492 (C.D. Cal. 1995), the Court held that ex parte applications are appropriate in extraordinary cases where "the tomatoes are about to spoil or the yacht is about to leave the jurisdiction." This is such a case.

There is only one women.com, and only one women.net in the World. (Padnos Decl., ¶7) Plaintiff contracted to purchase these properties, but defendants refuse to part with the package; consequently, this lawsuit for specific performance and declaratory relief became necessary. When the lawsuit was filed, the domain names were "parked" with a third party. Plaintiff was prepared to try this case and obtain specific performance. However, defendants' post-filing conduct has caused women.com and women.net to lose value in the form of rankings, significance, and prestige due to defendants' act of taking down the sites, and then by pointing the sites to defendants' own iVillage.com, which generates revenue for defendants while confusing the general public, which thought plaintiff now owned the sites, and by failing to preserve the assets during the pendency of the litigation. Ball Decl., ¶¶7-8; Padnos Decl., ¶¶6-10. Defendants' post-filing conduct, *which is undisputed*, is consistent with spoiling the tomatoes and moving the yacht out of the jurisdiction.

Had defendants taken no action concerning the assets since the filing of this lawsuit, there would be no basis for the TRO application. However, defendants indisputably moved the assets, from third party Sedo to defendant iVillage.com, which spoils the value of their assets and eliminates plaintiff as a competitor.

Defendants' opposition is relegated to a lecture on why ex parte applications are discouraged, instead of showing how defendants would be prejudiced by the issuance of a TRO. Plaintiff acknowledges that ex parte applications are

Plaintiff's Reply to Defendants'
Opposition to Ex Parte Application      -2-

discouraged, but the facts are far different from the facts presented in *Mission Power Engineering Co.* Plaintiff has complied with that Court's general criticisms of ex parte applications, by giving defendants ample notice of this proceeding.

In *Mission Power Engineering Co.*, the dispute centered on the return of privileged documents. The inadvertent disclosure of privileged documents may have embarrassed the moving party, but the documents were not about to spoil and the documents were not about to leave the jurisdiction. The problems in that case were created by the moving party.

Here, the moving party, plaintiff Done! Ventures, LLC is without fault in creating the crisis requiring ex parte relief. Done! is able to prove the elements for a TRO based on the authorities cited by defendants.

In fact, defendants partially, but incorrectly cite *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399 (9th Cir. 1993) (not 7 F.3d at 33-34). The *Dahl* decision supports plaintiff because the issuance of a preliminary injunction in a breach of contract action was affirmed by the Ninth Circuit.

Even if defendants' reference to the docket in *CRS Recovery, Inc. v. Laxton* is correct, it is entirely speculative as to the reason why that plaintiff did not seek an injunction. Perhaps that defendant, unlike the defendants in this case, did not engage in post-filing activity that harmed the domain names while causing harm to plaintiff. The *CRS Recovery, Inc.* decision is relevant to establishing the unique value of domain names; hence, the decision supports plaintiff.

Defendants have not shown that they will be prejudiced by a Court Order granting the requested relief. Defendants have not shown that the assets are not unique. Defendants have not established that the assets are important to defendants. Defendants have not shown that plaintiff will not be successful on the merits. Defendants argue, without support, that plaintiff is not suffering irreparable harm, but defendants' argument ignores the overwhelming evidence submitted in support of plaintiff's TRO application.

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Plaintiff's Reply to Defendants'
Opposition to Ex Parte Application        -3-

### B.   Done! is Suffering Irreparable Harm

Done!'s competitive position is suffering because Done! cannot compete with defendants now that the sites point to iVillage.com. (Padnos Decl., ¶¶6-10). Defendants represent that defendants are willing to stipulate to not sell the assets, but the core problem remains: the assets are irreplaceable to plaintiff and remain at risk based on defendants' changes to the DNS settings. Defendants cannot be trusted to protect the assets pending trial. *Id.*

### C.   Defendants Misrepresent the State Court TRO Proceeding

On June 15, 2010, plaintiff filed an ex parte application for a TRO and requested the scheduling of a hearing on a preliminary injunction. Defendants have represented to this Court that plaintiff "lost" the ex parte application. Defendants are wrong.

As the Los Angeles Superior Court's online docket reflects, plaintiff's ex parte application was "GRANTED." (Barrera Decl., ¶3; Exhibit 1 thereto). Plaintiff does not suggest that the Honorable Robert O'Brien, who presided over the ex parte proceeding, granted a TRO before this case was removed to federal court. Plaintiff acknowledges that Judge O'Brien initially indicated that the Court was not inclined to grant a TRO. However, even after defendants' counsel represented that they would be removing the case to federal court within the hour (the removal occurred the following day), Judge O'Brien considered plaintiff's arguments and evidence, set the matter for an expedited briefing schedule, and ordered the parties to appear for a July 9 hearing on plaintiffs' application for a preliminary injunction. Certainly, the Court determined that plaintiffs' arguments were strong enough to warrant a hearing and therefore granted relief, as reflected by the Court's online docket entry. Defendants' opposition mischaracterizes the brief history of this litigation and the outcome of the state court proceeding.

The argument that there is now a dismissal order is preposterous. The state court <u>granted</u> plaintiff's application, at least in part. Moreover, *Newson v. Wal-*

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Plaintiff's Reply to Defendants'
Opposition to Ex Parte Application       -4-

*Mart Stores, Inc.* is distinguishable. There, plaintiff filed five amended complaints. This case is far different because the facts remained the same from state to federal court, although the circumstances have changed based on defendants' act of changing the DNS settings to usurp traffic and eliminate plaintiff as a competitor.

The grounds for ex parte relief are stronger because defendants pointed the domain names to defendants iVillage *after* the state court TRO proceeding. Defendants' act of moving the domain names for a second time since the lawsuit was filed enriches defendants but kills plaintiff.

Defendants made no attempt to discuss with plaintiff whether pointing the domains to iVillage was appropriate. Defendants simply changed the DNS settings without informing Done! of what defendants were going to do with the assets. In real estate transactions, the key attribute is "location, location, location." When purchasing domain names, the site or location of the asset adds value. Defendants' movement of the sites by transferring the location to defendant iVillage.com adversely affects the value and eliminates plaintiff as a competitor.

With respect to plaintiff's alleged endorsement of defendants' act of pointing the domain names to defendant iVillage.com, plaintiff's counsel did not immediately appreciate the harm caused to plaintiff by this change. Barrera Decl. ¶5. Done! intends to compete with iVillage. (Padnos Decl., ¶6). Even if one of the issues is resolved, NBC irreparably harmed plaintiff by pointing the domains to Done!'s competitor, thereby eliminating Done! as a competitor.

## III.   CONCLUSION

This Court should grant injunctive relief, ordering that NBC transfer the domains to a neutral third party and that NBC be enjoined from transferring or selling the sites. A legal remedy will be inadequate. Done! will suffer irreparable harm if this application is not granted. Done! has established a reasonable probability of success on the merits. Done! will suffer greater injury from denial of the injunction than defendants are likely to suffer if it is granted.

BARRERA & ASSOCIATES
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Plaintiff's Reply to Defendants'
Opposition to Ex Parte Application          -5-

1    Dated: July 7, 2010                    BARRERA & ASSOCIATES

2

3                                           By: _____/s/_____
                                            Patricio T.D. Barrera
                                            Attorneys for Plaintiff Done! Ventures, LLC
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Reply to Defendants'
Opposition to Ex Parte Application          -6-