David Aronoff (SBN 125694)
daronoff@lathropgage.com
Amber Henry (SBN 247624)
ahenry@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: 310-789-4600
Facsimile: 310-789-4601

Attorneys for Defendants
GENERAL ELECTRIC COMPANY;
NBCUNIVERSAL MEDIA, LLC
(formerly known as NBC Universal,
Inc.); and iVILLAGE LLC (formerly
known as iVILLAGE, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONE! VENTURES, LLC, a Delaware Limited Liability Company,<br><br>          Plaintiff,<br><br>     vs.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; NBC UNIVERSAL, INC., a Delaware Corporation; IVILLAGE, INC., a Delaware Corporation; SEDO.COM, LLC, a Massachusetts Domestic LLC, and DOES 2 through 10, inclusive,<br><br>          Defendants. | Case No.: CV10-04420-SJO(JCx)<br><br>**ANSWER OF DEFENDANTS GENERAL ELECTRIC COMPANY, NBCUNIVERSAL MEDIA, LLC (formerly known as NBC Universal, Inc.), and iVILLAGE LLC (formerly known as iVILLAGE, INC.) TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants General Electric Company ("GE"); NBCUniversal Media, LLC (formerly known as NBC Universal, Inc.) ("NBCUniversal"); and iVillage LLC (formerly known as iVillage, Inc.) ("iVillage") (collectively, "Defendants") as and for their Answer to the First Amended Complaint ("FAC"), respond as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (Against All Defendants)

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the FAC and therefore deny those allegations.

2. Defendants deny the allegations of paragraph 2 of the FAC.

3. Defendants deny the allegations of paragraph 3 of the FAC.

## THE PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the FAC and therefore deny those allegations.

5. Defendants admit the allegations of paragraph 5 of the FAC.

6. Defendants allege affirmatively that NBC Universal, Inc. was a Delaware corporation and is now known as NBCUniversal Media, LLC ("NBCUniversal"), and that NBCUniversal Media, LLC is part of a joint venture between GE and third party Comcast Corporation that does business in California. Defendants otherwise deny the remaining allegations of paragraph 6.

7. Defendants allege affirmatively that iVillage, Inc. was a Delaware corporation and is now known as iVillage, LLC ("iVillage") and is a subsidiary of NBCUniversal. Defendants otherwise deny the remaining allegations of paragraph 7.

8. Defendants admit that Plaintiff appears collectively to refer to GE, NBCUniversal, iVillage, and "doe defendants 5-10" as "NBC Defendants" throughout the FAC.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the FAC and therefore deny those allegations.

10. Defendants admit the allegations of paragraph 10 of the FAC.

11. Defendants admit that Sedo is a domain name broker but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the FAC and therefore deny those allegations.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the FAC and therefore deny those allegations.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the FAC and therefore deny those allegations.

**SUMMARY OF FACTS COMMON TO ALL CAUSES OF ACTION**

iVILLAGE.COM AND WOMEN.COM NETWORKS

14. Defendants admit that iVillage was acquired by NBCUniversal in 2006 and that the acquisition documents and any press releases speak for themselves. Defendants otherwise deny the remaining allegations set forth in paragraph 14 of the FAC.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the conclusory allegations of paragraph 15 of the FAC and therefore deny those allegations.

16. Defendants admit that iVillage acquired the domain names women.com and women.net.

17. Paragraph 17 sets forth unsupported conclusions and Defendants accordingly must deny on that basis. Defendants also are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the FAC and therefore deny those allegations.

18. Paragraph 18 uses the vague and undefined term "Page Rank," and Defendants can neither admit nor deny the allegations of Paragraph 18 regarding "Page Rank" without clarification. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the FAC and therefore deny those allegations.

<u>BROKERAGE RELATIONSHIP BETWEEN IVILLAGE AND SEDO</u>

19. Defendants admit that iVillage entered into a brokerage agreement with Sedo, which document speaks for itself.

20. Defendants admit that the domain names Women.com and Women.net were "parked" with Sedo for a period of time in 2010 to help market them for possible sale, and allege that any advertisements utilized by Sedo.com speak for themselves. Defendants otherwise deny the remaining allegations of paragraph 20 of the FAC.

<u>SALE BETWEEN DONE! AND NBC</u>

21. Defendants admit that Jeffrey Gabriel worked for Sedo but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the FAC and therefore deny those allegations.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the FAC and therefore deny those allegations.

23. Defendants admit that John Curbishley of iVillage was in contact with Jeffrey Gabriel of Sedo in connection with the potential sale of Women.com and Women.net, and allege that the emails exchanged by the parties in connection with such potential sales speak for themselves, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the FAC and therefore deny those allegations.

24. Defendants deny that iVillage ever accepted a $1 million offer for women.com and women.net, deny that any contract was formed or finalized between Plaintiff and iVillage, and allege that the May 24, 2010 email from Jeffrey Gabriel

speaks for itself, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the FAC and therefore deny those allegations.

25. Defendants admit that iVillage had decided by or before May 27, 2010 not to pursue a sale of Women.com, and allege that the emails exchanged by the parties speak for themselves, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the FAC and therefore deny those allegations.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the FAC and therefore deny those allegations.

27. Defendants admit that Sedo did not have authority to enter into the alleged contract at issue and that iVillage never agreed to the transaction alleged by Plaintiff. In addition, Defendants deny that they are liable to Plaintiff. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the FAC and therefore deny those allegations.

## FIRST CAUSE OF ACTION

28. Defendants repeat and hereby incorporate by reference as if fully set forth herein their responses stated in the paragraphs above.

29. Defendants deny the allegations of paragraph 29 of the FAC.

30. Defendants deny that any agreement was formed or breached, and admit accordingly that no property owned by Defendants has been transferred to Plaintiff.

31. Defendants deny that Plaintiff is entitled to specific performance or injunctive relief and deny that Defendants engaged in any wrongful or unlawful conduct, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 of the FAC and therefore deny those allegations.

32. Defendants deny that the domain names Women.com and Women.net are unique and irreplaceable, deny that Plaintiff is suffering any injuries, and deny that monetary damages would be inadequate to redress Plaintiff's purported injuries if any such injuries had occurred, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the FAC and therefore deny those allegations.

33. Defendants deny the allegations of paragraph 33 of the FAC.

## SECOND CAUSE OF ACTION

34. Defendants repeat and hereby incorporate by reference as if fully set forth herein their responses stated in the paragraphs above.

35. Defendants deny the allegations of paragraph 35 of the FAC.

36. Defendants deny the allegations of paragraph 36 of the FAC.

37. Defendants deny the allegations of paragraph 37 of the FAC.

38. Defendants deny that the domain names Women.com and Women.net are unique, deny that Plaintiff is entitled to any damages or remedies of any kind and deny that monetary damages would be inadequate to redress Plaintiff's purported injuries if any such injuries had occurred, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 of the FAC and therefore deny those allegations.

## THIRD CAUSE OF ACTION

39. Defendants repeat and hereby incorporate by reference as if fully set forth herein their responses stated in the paragraphs above.

40. Defendants deny that they have engaged in any wrongful conduct and deny that they have caused any damages to Plaintiff, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the FAC and therefore deny those allegations.

41. Defendants deny that the domain names Women.com and Women.net are unique and irreplaceable, deny that Plaintiff is suffering any injuries, and deny that

monetary damages would be inadequate to redress Plaintiff's purported injuries if any such injuries had occurred, but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the FAC and therefore deny those allegations.

## FOURTH CAUSE OF ACTION

42.  Defendants repeat and hereby incorporate by reference as if fully set forth herein their responses stated in the paragraphs above.

43.  Defendants admit that an actual controversy exists between the parties, but deny the remaining allegations of paragraph 43 of the FAC.

44.  Defendants deny the existence of an agreement between the parties and deny Plaintiff is entitled to ownership of the domain names, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 of the FAC and therefore deny those allegations.

45.  Defendants deny the existence of an agreement between the parties and deny Plaintiff is entitled to ownership of the domain names, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the FAC and therefore deny those allegations.

## FIFTH CAUSE OF ACTION

46.  Defendants do not respond to paragraphs 46 - 51 as they are not directed towards Defendants, but solely Sedo.com and Does 2-10.

## SIXTH CAUSE OF ACTION

52.  Defendants do not respond to paragraphs 52 - 55 as they are not directed towards Defendants, but solely Sedo.com and Does 2-10.

## SEVENTH CAUSE OF ACTION

56.  Defendants do not respond to paragraphs 56 - 58 as they are not directed towards Defendants, but solely Sedo.com and Does 2-10.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to Plaintiff's alleged claims for relief, Defendants allege the following matters without admission that such allegations are affirmative defenses as to which Defendants bear the burden of proof:

### First Affirmative Defense
### (Lack of Actual or Ostensible Authority)

Defendants are not responsible for the acts undertaken by Sedo beyond the scope of its limited authority. Sedo was retained solely as a broker for defendant iVillage, as set forth in the express terms of the brokerage agreement between iVillage and Sedo, and did not hold actual or ostensible authority to act as iVillage's agent by entering into any contracts or agreements on behalf of iVillage.

### Second Affirmative Defense
### (Failure of Conditions)

Plaintiff's purported claims for relief against Defendants are barred in whole or in part because of the failure of conditions precedent and concurrent, including, without limitation, the express condition that the transaction would not be effective unless and until compliance checks were conducted by and approved by iVillage and a written bill of sale was negotiated and executed by the parties.

### Third Affirmative Defense
### (Lack of Contractual Agreement as to Subject Matter)

Plaintiff's purported claims for relief against Defendants are barred in whole or in part because of, among other things, the lack of a contractual meeting of the minds as to whether both women.com and/or women.net were part of the alleged subject transaction.

### Fourth Affirmative Defense
### (Lack of Consideration)

Plaintiff's purported claims for relief against Defendants are barred in whole or in part because of a failure of consideration for the obligations alleged by Plaintiff.

### Fifth Affirmative Defense
### (Unclean Hands)

Plaintiff may not recover, in whole or in part, due to its unclean hands in, among other things, intentionally inducing the breach by Sedo of its confidential Professional Brokerage Agreement with iVillage.

### Sixth Affirmative Defense
### (Application of Foreign Law)

New York law governs the alleged transaction between Plaintiff and Defendants, including the determination of whether any contract was formed.

### Seventh Affirmative Defense
### (No Jury for Equitable Issues)

Plaintiff is not entitled to a jury trial on any equitable issues.

### Eighth Affirmative Defense
### (Waiver)

Plaintiff may not recover, in whole or in part, because it has waived its claims and/or any rights to some or all of the relief sought.

### Ninth Affirmative Defense

### (Estoppel)

Plaintiff is estopped from asserting its claims and/or any rights to some or all of the relief sought.

### Tenth Affirmative Defense

### (Statute of Frauds)

The statute of frauds bars Plaintiff's recovery.

### Eleventh Affirmative Defense

### (Failure to Mitigate)

Plaintiff has failed to take reasonable steps to mitigate some or all of the damages it claims to have suffered.

### Twelfth Affirmative Defense

### (Failure to State a Claim)

Plaintiff has failed to state a cause of action because, among other things, it has suffered no legally cognizable damages.

### Thirteenth Affirmative Defense

### (Additional Affirmative Defenses)

To the extent that further investigation and discovery would reveal additional affirmative defenses to which Defendants are entitled, they reserve the right to assert such additional affirmative defenses.

# PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. That the FAC be dismissed and Plaintiff take nothing herein;

2. That Defendants be awarded their costs and attorneys' fees incurred in defense of the action; and

3. For such other and further relief as the Court may deem just and proper.

DATED: May 20, 2011          LATHROP & GAGE LLP

By: _____/s/ David Aronoff_____
David Aronoff
Attorneys for defendants GENERAL ELECTRIC COMPANY; NBCUNIVERSAL MEDIA, LLC (formerly known as NBC Universal, Inc.); and iVILLAGE LLC (formerly known as iVillage, Inc.)