MICHAEL P. EDDY (SBN 189669)
LAW OFFICES OF MICHAEL P. EDDY
meddy@patent.org
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone (858)345-1098
Facsimile (858)777-5453

VICTOR REPKIN (SBN 188350)
LAW OFFICES OF MICHAEL P. EDDY
vicrepkin@patent.org
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone (858)345-1098
Facsimile (858)777-5453

*Attorneys for Defendant SEDO.COM, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN (SPRING) DIVISION

| | |
|---|---|
| DONE! VENTURES, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; NBC UNIVERSAL, INC., a Delaware Corporation; IVILLAGE, INC., a Delaware Corporation; SEDO.COM, LLC, a Massachusetts Domestic LLC; and DOES 2 through 20, inclusive,<br><br>Defendants. | Case No.: 2:10-cv-04420-SJO-JC<br><br>**DEFENDANT SEDO.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)**<br><br>[MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. EDDY RE MEET AND CONFER; DECLARATION OF ULRICH ESSMANN WITH EXHIBITS; AND PROPOSED ORDER SUBMITTED CONCURRENTLY HEREWITH]<br><br>Date: **July 11, 2011**<br>Time: **10:00 a.m**.<br>Courtroom: **1**<br><br>**The Honorable S. James Otero** |

1

**DEFENDANT SEDO.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)**

# NOTICE OF MOTION TO DISMISS

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **July 11, 2011**, at **10:00 a.m.**, or as soon thereafter as the matter may be heard, in Courtroom 1, Courtroom of the Hon. S. James Otero, located at United States District Court, 312 North Spring Street, 2nd Floor, Los Angeles, California 90012, Defendant SEDO.COM, LLC, ("Sedo") will and hereby does move this Court for an order dismissing the Complaint on the ground that the Court does not have subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and, based on the jurisdiction and forum selection provisions in the parties' written contract, the Court lacks personal jurisdiction over Sedo, or alternatively under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

This motion to dismiss is made pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, and is based on the grounds that Plaintiffs' commencement of this action in the United States District Court for the Central District of California is improper and breached the forum selection provision in the parties' written contract, which expressly requires that this controversy be adjudicated in a court located in Middlesex or Suffolk County, Massachusetts.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 1, 2011, between the undersigned and John P Kristensen, counsel for Plaintiff, Stephen G Svajian, counsel for Plaintiff, David Aronoff, counsel for the remaining co-defendants.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Ulrich Essmann with the attached exhibits, the attached Declaration of Michael P. Eddy Re Meet and Confer, all pleadings, records, and papers filed in this action, the argument of counsel, any supplemental memoranda that may be filed by the parties, and such further evidence as the Court may consider at or before the hearing of this Motion.

| | | |
|---|---|---|
| 1 | Dated: June 6, 2011 | Respectfully submitted, |
| 2 | | Michael P. Eddy |
| | | Victor Repkin |
| 3 | | |
| 4 | | By:   /Michael P. Eddy/ |
| 5 | |      MICHAEL P. EDDY |
| 6 | | Attorneys for Defendant SEDO.COM, LLC |

MICHAEL P. EDDY(SBN 189669)
LAW OFFICES OF MICHAEL P. EDDY
meddy@patent.org
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone (858)345-1098
Facsimile (858)777-5453

VICTOR REPKIN (SBN 188350)
LAW OFFICES OF MICHAEL P. EDDY
vicrepkin@patent.org
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone (858)345-1098
Facsimile (858)777-5453

*Attorneys for Defendant SEDO.COM, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN (SPRING) DIVISION

| | |
|---|---|
| DONE! VENTURES, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; NBC UNIVERSAL,INC., a Delaware Corporation; IVILLAGE,INC., a Delaware Corporation; SEDO.COM, LLC, a Massachusetts Domestic LLC; and DOES 2 through 20, inclusive,<br><br>Defendants. | Case No.: 2:10-cv-04420-SJO-JC<br><br>**DEFENDANT SEDO.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)**<br><br>[MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. EDDY RE MEET AND CONFER; DECLARATION OF ULRICH ESSMANN WITH EXHIBITS; AND PROPOSED ORDER SUBMITTED CONCURRENTLY HEREWITH]<br><br>Date: **July 11, 2011**<br>Time: **10:00 a.m**.<br>Courtroom: **1**<br><br>**The Honorable S. James Otero** |

1

**DEFENDANT SEDO.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)**

...

**TABLE OF CONTENTS**

**Page**

MOTION TO DISMISS………………………………………………………………….. 1

MEMORANDUM OF POINTS AN AUTHORITIES…………………………………….. 1

   I.  INTRODUCTION.................................................................................................. 1

   II.  STATEMENT OF FACTS...................................................................................... 1

   III.    ARGUMENT.................................................................................................... 2

      A.  The Court Lacks Subject Matter Jurisdiction and the Case Should Be Dismissed Under Federal Rule of Civil Procedure 12(b)(1)………….…….. 2

      B.  The Court Lacks *In Personam* Jurisdiction and the Case Should Be Dismissed Under Federal Rule of Civil Procedure 12(b)(2) Or Alternatively Under Federal Rule of Civil Procedure 12(b)(3) for Improper Venue……………………………………………………………….. 4

   IV.    CONCLUSION……………………………………………………...…… 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Hughes*,
358 F.3d 1089, 1095 (9th Cir. 2004)……………………………………………………………..3

*Carden v. Arkoma Assoc.*,
494 U.S. 185 (1990)……………………………………………………………………………...3

*Carnival Cruise Lines v. Shute*,
499 U.S. 585, 595 (1991)………………………………………………………………………...5

*Data Disc, Inc. v. Sys. Technology Assoc., Inc.*,
557 F.2d 1280, 1285 (9th Cir. 1977)……………………………………………………....……4

*Flynt Distrib. Co., Inc. v. Harvey*,
734 F.2d 1389, 1392 (9th Cir. 1984)…………………………………………………...…………4

*Haynsworth v. Lloyd's of London*,
121 F.3d 956, 963 (5th Cir. 1997)………………………………………………………………5

*International Shoe Co. v. Wahington*,
326 U.S, 310, 316 (1945)……………………………………………………………………….4

*Kuntz v. Lamar Corp.*,
385 F.3d 1177, 1181 (9th Cir. 2004)…………………………………………………………….3

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1, 9 (1972)…………………………………………………………………………..5, 6

*Owen Equip. & Erection Co. v. Kroger*,
437 U.S. 365, 373 (1978)……………………………………………………………………….2

*Register.com, Inc. v. Verio, Inc.*,
356 F.3d 393 (2nd Cir.2004)…………………………………………………………………….5

*Richards v. Lloyd's of London*,
135 F.3d 1289, 1294 (9th Cir.1998)……………………………………………………....……6

*WNS, Inc. v. Farrow*,
884 F.2d 200, 203-04 (5th Cir. 1989)……………………………………………..……………4

# TABLE OF AUTHORITIES [Continued]

**Page(s)**

### Statutes

28 U.S.C. §1332……………………………………………………………………….2, 3
28 U.S.C. §1332(a)..................................................................................................................4
28 U.S.C. § 1332(c)(1)……………………………………………………………..........3

### Rules

Fed. R. Civ. P. 12(b)(1)……………………………………………………………1, 2, 7
Fed. R. Civ. P. 12(b)(2)…………………………………………………………....1, 4, 7
Fed. R. Civ. P. 12(b)(3)……………………………………………………………1, 4, 7

**DEFENDANT SEDO.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)**

**MOTION TO DISMISS**

Defendant SEDO.COM, LLC (hereinafter, "Sedo") moves the Court as follows:

1. To dismiss the action because the Court does not have subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as there is no case or controversy raised by the Compliant because the Complaint does not allege either Federal Question Jurisdiction or Diversity of Citizenship Jurisdiction.

2. To dismiss the action under Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over Sedo, or alternatively under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction**

This lawsuit should not have been brought. Pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure, defendant Sedo respectfully submits this memorandum in support of its motion to dismiss the claims filed by the plaintiff, Done! Ventures, LLC (hereinafter, "Done") for lack of both the subject matter jurisdiction and of the *in personam* jurisdiction.

**II. Statement of Facts**

Done commenced this action in connection with the Defendants' allegedly improper handling of the transaction involving the domain names Women.com and Women.net. A variety of state and common law causes of action have been alleged, e.g., breach of contract, breach of warranty, fraud and negligent misrepresentation. No federal questions have been raised in the Complaint. Jurisdiction based solely on diversity of citizenship was alleged.

Done has entered into an agreement (Exhibit "A") with Sedo agreeing in Section 9 on page 32 thereof that all the disputes arising out of this transaction be

> "governed by the laws of the Commonwealth
> of Massachusetts, USA, without regard to its
> choice of law rules"

1  and consented

2  "to the jurisdiction of, and venue in, courts
3  located in Middlesex or Suffolk County,
4  Massachusetts, USA in all disputes …"

5  and, in addition, consented to

6  "the exclusive jurisdiction of, and venue in,
7  such courts for any action commenced …
8  against Sedo or its affiliates in any dispute …

### III. Argument

#### A. The Court Lacks Subject Matter Jurisdiction and the Case Should Be Dismissed Under Federal Rule of Civil Procedure 12(b)(1)

Federal Rules of Civil Procedure provide that a Court may dismiss a motion for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendant Sedo seeks dismissal of the Complaint, arguing that it fails to allege facts supporting diversity jurisdiction.  Under the diversity statute (28 U.S.C. § 1332), district courts have original jurisdiction over civil actions when the parties are diverse and the matter in controversy exceeds $75,000, exclusive of interest and costs.  Under 28 U.S.C. § 1332, "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff." <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978), and it has been clearly established that the presence of just one nondiverse plaintiff destroys diversity jurisdiction under § 1332. See, <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089, 1095 (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants.").

According to the allegations in the Complaint, Done is a Delaware company, as are Defendants NBC UNIVERSAL, INC. (hereinafter, "NBC") and IVILLAGE, INC. (hereinafter, "Ivillage").The Complaint fails to allege facts supporting complete diversity, as the Plaintiff and some Defendants are, on the face of the complaint, citizens of Delaware.

**DEFENDANT SEDO.COM, LLC'S NOTICE OF MOTION AND  MOTION TO DISMISS UNDER RULE 12(b)**

It is noteworthy that under 28 U.S.C. Section 1332(c)(1), a corporation, for purposes of diversity jurisdiction, is deemed a citizen of any state in which it is incorporated and a citizen of the state where it has its principal place of business, but there exists case law which, for the purposes of diversity, treats limited liability companies differently than it does corporations. Indeed, a limited liability company as an unincorporated association, has no citizenship independent of its members, and shares the citizenship of all its members for purposes of determining diversity jurisdiction. See, *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). Nevertheless, Done has to bear the burden to allege the complete diversity, including a clear statement that the amount in controversy exceeds $75,000, exclusive of interest and costs, and it failed to do so.

Because there is no other basis of jurisdiction apparent from the face of the Complaint, this court lacks jurisdiction over it. Accordingly, the Complaint has to be dismissed. See, *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

### B. The Court Lacks *In Personam* Jurisdiction and the Case Should Be Dismissed Under Federal Rule of Civil Procedure 12(b)(2) Or Alternatively Under Federal Rule of Civil Procedure 12(b)(3) for Improper Venue

Federal Rules of Civil Procedure provide that a Court may dismiss a motion for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). The Plaintiff bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. See, *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). When the motion to dismiss is made as its initial response, Plaintiff must make a *prima facie* showing that *in personam* jurisdiction exists. See, *Data Disc, Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a "*prima facie*" showing means that Plaintiff has produced admissible evidence which, if believed, would be sufficient to

3

**DEFENDANT SEDO.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)**

establish the existence of personal jurisdiction. See, <u>WNS, Inc. v. Farrow</u>, 884 F.2d 200, 203-04 (5th Cir. 1989).

The exercise of *in personam* jurisdiction must comport with constitutional due process. Pursuant to due process, a Defendant is subject to jurisdiction within a state only if it has "minimum contacts" with that state, "such that the maintenance of the suit does not offend the traditional notion of fair play and substantial justice." <u>International Shoe Co. v. Wahington</u>, 326 U.S, 310, 316 (1945).

It is submitted that in view of the forum-selection clause of the agreement between Done and Sedo, the instant lawsuit has to be dismissed because, as mentioned above, the parties agreed to conduct any litigation in courts of Middlesex or Suffolk County, Massachusetts and that such disputes be governed by laws of Massachusetts. Accordingly, this Court lacks *in personam* jurisdiction.

Forum-selection clauses are *prima facie* valid. See, <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 9 (1972) ("Bremen"). The party seeking to enforce a contractual forum-selection provision has the initial burden of establishing that the parties entered into an agreement to an exclusive forum and that the agreement applies to the claims involved.

Assuming the party seeking enforcement establishes these prerequisites, the burden shifts to the party opposing enforcement to make a "strong showing" overcoming the *prima facie* validity of the forum-selection clause. <u>Id</u>. at10. Enforcement of forum-selection clause is mandatory unless party opposing enforcement makes such showing. See, <u>Haynsworth v. Lloyd's of London</u>, 121 F.3d 956, 963 (5th Cir. 1997) (citing <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585, 595 (1991) and <u>Bremen</u>, 407 U.S. at 12-13).  The party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." <u>Id.</u> at 15. As was stated by the <u>Carnival</u> court, forum selection clauses "should control absent a strong showing" that such clauses be set aside. <u>Carnival</u> at 591, 111 S.Ct. 1522, 113 L.Ed.2d 622

(1991). As noted by another court, "… new commerce on the Internet … has not fundamentally changed the principles of contract." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393 (2nd Cir.2004).

Thus,
> "when a benefit is offered subject to stated conditions,
> and the offeree makes a decision to take the benefit
> with knowledge of the terms of the offer, the
> taking constitutes an acceptance of the terms, which
> accordingly become binding on the offeree."

*Id*. at 403.

There exist only three reasons three reasons that would make enforcement of a forum selection clause unenforceable:  (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought.   *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir.1998) (citing and quoting *Bremen*, 407 U.S. at 12-13, 15, 18).

It is submitted that the forum selection clause should be enforced in this case.  The language of Section 9 of the Done/Sedo agreement clearly provides, in mandatory terms, that jurisdiction is proper only in two counties of Massachusetts. This clause is binding on Done. As stated in Declaration of Ulrich Essmann, President of Sedo (Exhibit "B"), Done entered into contract with Sedo with full knowledge of the forum selection clause.  There were no allegations of fraud, overreaching or other factors mentioned in *Richards v. Lloyd's of London*.

Applying the foregoing standards to the instant motion, the cited authorities require dismissal of this lawsuit.  In addition, a portion of the forum selection clause also specifies that the venue lies in Massachusetts. Since the forum selection clause in this case is enforceable, as discussed above, the venue in the Central District of California is also wrong.  It is therefore

submitted that the case should be also dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

### IV. Conclusion

For all the foregoing reasons, Sedo respectfully requests that this Court dismiss this action pursuant to Rules 12(b)(1) and 12(b)(2) for lack of both the subject matter jurisdiction and of the *in personam* jurisdiction, or alternatively under Rule 12(b)(3) for improper venue, and grant Sedo such other and further relief as the Court deems just and equitable.

Dated: June 6, 2011               Respectfully submitted,
                                  Michael P. Eddy
                                  Victor Repkin


                                      /Michael P. Eddy/
                                     MICHAEL P. EDDY

                                  Attorneys for Defendant SEDO.COM, LLC

**DEFENDANT SEDO.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)**

**DECLARATION OF MICHAEL P. EDDY RE MEET AND CONFER**

I, Michael P. Eddy, declare:

1. I am an attorney duly licensed to practice before this Court. I am counsel of record for Defendant Sedo.com, LLC ("Sedo") in this matter. The following facts are true of my own personal knowledge, except where stated on information and belief, and, if called as a witness, I could and would testify competently thereto.

2. On June 1, 2010, pursuant to the meet and confer requirements set forth in L.R. 7-3 and this Court's Initial Standing Order, paragraph 18(a), I spoke telephonically with Steven Svajian, co-counsel for Plaintiff, with David Aronoff, counsel for Co-Defendants General Electric Company, NBC Universal Inc, and iVillage Inc., and with John P. Kristensen, co-counsel for Plaintiff.

3. I first discussed with Mr. Svajian the Sedo Defendant's primary arguments raised in the concurrently filed motion that support the dismissal of Plaintiff's case. Mr. Svajian suggested I speak with John Kristensen so I called and left a message with Mr. Kristensen's office. I next spoke with David Aronoff about the Sedo Defendant's primary arguments raised in the concurrently filed motion that support the dismissal of Plaintiff's case. Mr. Aronoff indicated that his client may be amenable to consenting to adjudicating the matter in the venue agreed upon in the contract entered into between the Sedo defendant and Plaintiff. I then spoke with Mr. Kristensen about the possible resolution of the case as well as the Sedo Defendant's primary arguments and Mr. Kristensen indicated that Plaintiff would not agree to transfer the case to Massachusetts and would oppose the Sedo Defendant's motion to dismiss. Mr. Kristensen also stated that he was not aware of any contract between the Sedo Defendant and the Plaintiff and that I was obligated under an unspecified section of this Court's Initial Standing Order to provide him with a copy of the Sedo terms and conditions entered into between Plaintiff and Sedo. Mr. Kristensen also stated that Plaintiff had propounded discovery requests along with the service of the complaint and that he expected to receive responses to the discovery within the thirty days of the date of service. I then emailed Mr. Kristensen, Mr. Brian R. Strange, Mr. Svajian, Ms.

1  Gretchen Carpenter, and Mr. Aronoff a message including a link to the most recent terms and
2  conditions which were entered into between Plaintiff and the Sedo defendant. Following these
3  discussions and emails, the parties have been unable to reach an agreement, and thus the Sedo
4  Defendant filed the instant motion.
5     4.   I declare under penalty of perjury of the laws of the United States of
6  America that the foregoing is true and correct and that this declaration was executed on June 6,
7  2011 in San Diego, California.

            /MichaelPEddy/
            MICHAEL P. EDDY