**UNITED STATES DISTRICT COURT**

**JS-6**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** __CV 10-04420 SJO (JCx)__ | **DATE:** __August 5, 2011__ |
| **TITLE:** __Done! Ventures, LLC v. General Electric Company et al.__ | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER TRANSFERRING DEFENDANT'S MOTION TO
MASSACHUSETTS** [Docket No. 66]; **AND GRANTING NBC DEFENDANTS' MOTION TO
TRANSFER** [Docket No. 74]

These matters are before the Court on Sedo.com, LLC's ("Sedo") Motion to Dismiss Under Rule
12(b) ("Motion"), filed on June 06, 2011 and General Electric Company, NBC Universal, Inc. and
iVillage, Inc.'s (collectively, "NBC Defendants") Motion to Transfer Case to Southern District of
New York, or in the alternative, District of Massachusetts, filed on July 5, 2011, against Plaintiff
Done! Ventures, LLC ("Done"). On June 20, 2011, Done filed an Opposition to Sedo's Motion, to
which Sedo filed a Reply on June 27, 2011. Plaintiff filed an Opposition to NBC Defendants'
Motion on July 18, 2011, to which Defendants filed a Reply on July 25, 2011. The Court found
these matters suitable for disposition without oral argument and vacated the hearings set for July
11, 2011 and August 8, 2011, respectively. *See* Fed. R. Civ. P. 78(b). For the reasons set forth
below, the Court **TRANSFERS** the action as to Sedo to Massachusetts and **GRANTS** NBC
Defendants' Motion to Transfer.

I.     <u>BACKGROUND</u>

Done is a Delaware-incorporated limited liability company in the business of internet media
development, marketing, and publishing. (*See* First Am. Compl. ("FAC") ¶¶ 4, 12.) Sedo is a
domain name broker incorporated under the laws of Massachusetts that facilitates domain name
transactions. (FAC ¶¶ 9,11.) Done entered into an exclusive brokerage agreement with Sedo to
act as an agent for Done in the transaction for domain names Women.com and Women.net
(collectively, "Women.com") with NBC Defendants.[1] (See FAC ¶ 8.)

---

[1]  Sedo also maintained a brokerage agreement with NBC Defendants to act as their agent
as well in the Women.com transaction. (FAC ¶ 48.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:   CV 10-04420 SJO (JCx)           DATE:  August 5, 2011


Benjamin Padnos ("Padnos") is Done's sole member and resides in California.  (Declaration of Benjamin Padnos in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Padnos Decl.") ¶ 3.)  Padnos offered NBC Defendants $1,000,000 for Women.com on May 21, 2010.  (FAC ¶ 23.)  Sedo representative Jeffery Gabriel ("Gabriel") confirmed the offer soon thereafter.  (*Id.*)  Gabriel then expressed NBC's acceptance of the offer to both parties via email on May 24, 2010.  (*Id.* ¶ 24.)  On May 27, 2010, Gabriel informed Padnos that NBC did not want to complete the transaction and that "the deal was off."  (*Id.* ¶ 25.)  Done alleges that Sedo did not have the authority to enter into the brokerage agreement with Done and is thereby liable for Done's injuries caused by NBC's alienation.  (*Id.* ¶ 27.)

On June 03, 2010, Done filed its Complaint.  On May 06, 2011, Done filed its FAC, adding Sedo as a Defendant and alleging the following causes of action: (1) breach of contract; (2) specific performance; (3) injunctive relief; (4) declaratory relief; (5) breach of warranty of authority; (6) constructive fraud; and (7) negligent misrepresentation.[2]  (*See generally* FAC.)  In the instant Motion, Sedo alleges that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1), *in personam* jurisdiction under Rule 12(b)(2) and alternatively, improper venue under Rule 12(b)(3).  (Notice of Mot. to Dismiss ("Notice") 1:12- 2:16.)

II.   DISCUSSION

    A.   Subject Matter Jurisdiction Based on Diversity

Sedo moves to dismiss Done's First Amended Complaint based on lack of subject matter jurisdiction based on diversity.  (Mot. 2:12-13.)  It is a fundamental legal principle that federal courts are courts of limited jurisdiction.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Id.*  28 U.S.C. § 1332 ("Section 1332") states in pertinent part that "[d]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different [s]tates."  *See* 28 U.S.C. § 1332(a) (2006).  However, limited liability companies ("LLC") and corporations invoke different standards for the purpose of diversity.  *Rodriguez v. Hall Ambulance*, No. CV 06-01580, 2007 WL 470624, at *4 (E.D. Cal. Feb. 9, 2007).  "[A]n LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation, however, is a citizen of the state where it has its principal place of business and its state of incorporation.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010).

---

[2]   Done asserts the following causes of action against Sedo exclusively: (1) breach of contract; (2) declaratory relief; (3) breach of warranty of authority; (4) breach of fiduciary duty; and (5) negligent misrepresentation.  (*See* FAC.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:  CV 10-04420 SJO (JCx)          DATE:  August 5, 2011

Here, Sedo disputes the diversity jurisdiction, alleging that Done and NBC Defendants are both Delaware companies.  (Mem. P. & A. in Supp. of Mot. to Dismiss 2:25-28.)  Done alleges that, even though it is a Delaware limited liability company, its sole member resides in California.  (Padnos Decl. ¶ 3.)  In applying the diversity standard for limited liability companies, Done is a citizen of California because its sole member resides in California.  *Id.*  Defendant General Electric Company is a New York corporation, while Defendants NBC Universal, Inc. and iVilliage, Inc. are both Delaware corporations.  (FAC ¶¶ 5-7.)  The record establishes that the parties are citizens of different states, with the exception of Defendants NBC Universal and its subsidiary, iVillage, which are both incorporated in Delaware.  (FAC ¶ 7.); (Opp'n 4:3-18.)  Because the Done and NBC Defendants are citizens of different states, complete diversity of citizenship exists.

Regarding, the amount in controversy requirement, Done requests the return of his one million dollar investment plus compensatory damages and attorney fees, which total over ten million dollars. (FAC 12:21-14:6.)  Thus, the amount in controversy requirement has been satisfied.  *See* 28 U.S.C. § 1332(a).  Diversity jurisdiction has been established and this Court has subject matter jurisdiction.

Accordingly, Sedo has failed to establish that the Court lacks subject matter jurisdiction based on diversity.

      B.    *In Personam* Jurisdiction

Sedo alleges that the Court lacks *in personam* jurisdiction.  (Mot. 3:20-23.)  A federal court's exercise of personal jurisdiction must comport both with the long-arm statute of the state in which it sits and with the constitutional requirement of due process.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  California's long-arm statute is coextensive with due process requirements.  *See* Cal. Civ. Code § 410.10; *see also Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977) (reasoning that whether personal jurisdiction can be conferred to a defendant depends on whether the relevant state statute accords with constitutional principles of due process).  Due process requires that the nonresident defendant has "certain minimum contacts with [the relevant forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A federal court may exercise either general or specific personal jurisdiction.  *See Heliocopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).  The plaintiff bears the burden of establishing the necessary jurisdictional facts.  *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984).  To survive a motion to dismiss for lack of personal jurisdiction the plaintiff need only make a prima facie showing of jurisdiction.  *See Zieglar v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995).  The Court must take allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor.  *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588-89 (9th Cir. 1996).

**JS-6**                                    **CENTRAL DISTRICT OF CALIFORNIA**

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 10-04420 SJO (JCx)</u>          **DATE:** <u>August 5, 2011</u>

      1.    <u>General Personal Jurisdiction</u>

A court may confer general personal jurisdiction "if a [d]efendant has had substantial, continuous and systematic contacts with the state." *See Heliocopteros*, 466 U.S. at 414-16; *see e.g., Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984) (providing that substantial or continuous contacts with a state includes being licensed or authorized to conduct a business in that particular state). Here, Sedo was a domain name broker authorized and qualified to do business in California who actively advertised and engaged in multiple transactions in Los Angeles County. (FAC ¶¶ 9, 11.) Sedo's business transactions in California support an inference of substantial, continuous and systematic contact with the state of California. *See Cubbage*, 744 F.2d at 667-68. Thus, general personal jurisdiction has been established. Because the Court concludes that Sedo is subject to general jurisdiction, the question of whether it also is subject to specific jurisdiction need not be addressed. *Paneno v. Centres For Academic Programmes Abroad Ltd.*, 13 Cal. Rptr. 3d 759, 764 (Ct. App. 2004).

Moreover, Sedo's Motion lacks the integral analysis to establish that the Court lacks personal jurisdiction. In its Opposition, Done argues that Sedo has the necessary minimum contacts with the forum to satisfy the personal jurisdiction requirement outlined in Sedo's Motion. (*See generally* Opp'n.) However, Sedo's Reply fails to respond to Done's allegations, thereby failing to negate a presumption of personal jurisdiction. (*See generally* Reply.)

Accordingly, Sedo has failed to establish that the Court lacks *in personam* jurisdiction.

      C.    <u>Improper Venue</u>

"A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (referencing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). The Court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in [its] favor." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

When determining the enforceability of a forum selection clause in this context, federal courts sitting in diversity apply federal law. *See Doe*, 552 F.3d at 1081, 1085. Under federal law, "forum selection clauses are presumptively valid" and "should be honored 'absent some compelling and countervailing reason.'" *Murphy*, 362 F.3d at 1140. There are three scenarios in which enforcement of a forum selection clause may be deemed unreasonable and therefore unenforceable: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court"; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

CASE NO.:   <u>CV 10-04420 SJO (JCx)</u>          DATE:  <u>August 5, 2011</u>

suit is brought.  *Argueta*, 87 F.3d at 325.  The non-moving party bears the "heavy burden" of showing that a forum selection clause should not be enforced.  *Id.*

       1.      <u>Enforcement of the Forum Selection Clause Is Not Unreasonable</u>.

To establish that enforcement of the forum selection clauses is unreasonable, Plaintiffs must establish that litigating in Massachusetts would be "so gravely difficult and inconvenient that [Plaintiff] will for all practical purposes be deprived of [its] day in court."  *M/S Bremen v. Zapata Off-Shore, Co.*, 407 U.S. 1, 18 (1972).  Absent a showing of such a grave difficulty, "there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain."  *Id.* at 18.  This is especially true if the "inconvenience . . . suffer[ed] by being forced to litigate in the contractual forum . . . was clearly foreseeable at the time of contracting."  *Id.* at 17-18.

Plaintiff does not attack the validity of the forum selection clauses, which unambiguously state that all actions, proceedings or litigation arising out of or relating to the Agreements shall be instituted in Massachusetts.  Rather, Plaintiff argues that enforcing the forum selection clause would be unreasonable.  (Opp'n 5:14.)  Plaintiff, however, has failed to establish that enforcing the forum selection clause would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.  While Plaintiff argues that enforcement of the forum selection clause would result in duplicative lawsuits (Opp'n 5:18-28), that alone does not outweigh the strong policy favoring enforcement of forum selection clauses.  *See M/S Bremen*, 407 U.S. at 18 (finding that the party opposing enforcement of forum selection clause has the burden "to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.").  Plaintiff has failed to establish its burden that it will be deprived of its day in court.  Moreover, Done is a sophisticated business and understood when it stipulated to the forum selection clause that should conflict arise with Sedo, litigation would commence in Massachusetts.  *Bremen*, 407 U.S. at 17-18.

Plaintiff also argues the Court should decline to enforce the forum selection clause because Defendant Sedo has a potential claim against the NBC Defendants.  (Opp'n 6:4-5.)  Plaintiff argues that if a defendant's cross-claim is inextricably intertwined with issues raised in a plaintiff's complaint, the enforcement of the forum selection clause would be unreasonable.  (Opp'n 6:11-13.)  However, no cross-claim has been filed by Defendant Sedo or the NBC Defendants.  Furthermore, even if Defendant Sedo were to file a claim against the NBC Defendants at some future time, that claim can be easily managed by the district court where the matter is transferred.  Regardless, Plaintiff has failed to establish the "heavy burden" of demonstrating that the forum selection clause should not be enforced.

Accordingly, the Court finds that the forum selection clause requiring that this controversy be adjudicated in a court in Massachusetts is enforceable.  Thus, Sedo has established that this Court is the improper venue for the instant matter.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  <u>CV 10-04420 SJO (JCx)</u>          **DATE:**  <u>August 5, 2011</u>

D.     <u>Transfer Action to Massachusetts</u>

Sedo alleges that this Court is the improper venue for the instant matter because of the forum selection clause, which designates Massachusetts as the appropriate litigation forum. (Mot. 4:9-13.)  When the district court determines that venue is improper, "it shall dismiss, or if it be in the interest of justice, transfer such case to any district or division which it could have been brought." 28 U.S.C. § 1406(a); *see also Dist. No. 1 Pac. Coast Dist. v. State of Alaska*, 682 F.2d 797, 799 (9th Cir. 1992).  District courts may transfer cases *sua sponte* under 1404(a), which provides that "the convenience of the parties and witnesses [and] in the interest of justice" may substantiate a transfer of venue.  28 U.S.C. § 1404(a); *see also Wash. Pub. Util. Grp. v. U.S. Dist. Ct.*, 843 F.2d 319, 326 (9th Cir. 1987).  The Ninth Circuit considers the following factors when weighing a transfer: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state. *See Jones v. GNS Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Johnson v. Zepp*, No. CV 10-6810, 2010 WL 5116697, *2 (C.D. Cal. Oct. 29, 2010).

Having found the forum selection clause enforceable and thus the venue improper, the Court next considers the transfer factors. Here, the first and second factors are neutral as to transfer because the relevant user agreement was executed through Sedo's website and the record is devoid of evidence indicating that this Court retains unique familiarity of the governing law. *Jones*, 211 F.3d at 498-99. Third, the plaintiff's choice of forum is also neutral as to transfer because courts give little or no weight to the plaintiff's choice of filing. *Foster v. Nationwide Mut. Ins. Co.*, CV 07-4928, 2007 WL 4410408, at *3 (N.D. Cal. 2007); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (finding that the choice of forum carries great weight unless the operative facts have not occurred within the forum or the forum has no interest in the parties or subject matter). Fourth, the parties have at least minimal contacts in California weighs against transfer because both parties have at least minimal contacts in California. *See Lou*, 834 F.2d at 739. Fifth, the contacts relating to the plaintiff's cause of action in the chosen forum weighs against transfer because Done has significant contacts in the chosen forum. *Id.* Sixth, the difference in the costs of litigation in the two forums favors transfer because most of the parties are located on the east coast.

Seventh, the availability of a compulsory process to compel attendance of unwilling non-party witnesses favors transfer because the parties agreed to the litigation forum in the forum selection clause, thus acknowledging and accepting the possibility of litigation in Massachusetts at the time of contracting. *Bremen*, 407 U.S. at 17-18. Eighth, the ease of access to sources of proof favors transfer because witnesses and evidence are not concentrated in California and likely to be distributed among several different states. *Cf. Jones*, 211 F.3d at 499. Ninth, the forum selection

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 10-04420 SJO (JCx)</u>          DATE:  <u>August 5, 2011</u>

clause favors transfer because the parties entered the user agreement freely and voluntarily, understanding the consequences of litigation and expressing their intent to be bound by the terms of such agreement.  *Smith, Valentino, & Smith, Inc. v. Super. Ct. of Los Angeles Cnty*, 131 Cal. Rptr. 374, 377 (Ct. App. 1976).  Finally, relevant public policy favors transfer because, although the forum favors the resolution of claims against California citizens in that forum, California public policy strongly favors the enforcement of forum selection clauses, reasoning the parties understood "the inconvenience . . . suffered by being forced to litigate in the contractual forum . . . at the time of contracting."  *Dole,* 303 F.3d at 1116; *see also Bremen*, 407 U.S. at 17-18; *see also Cal-State Bus. Prod. & Servs., Inc., Rioch*, 16 Cal. Rptr. 2d 417, 424 (Ct. App. 1993).  Since the factors favor transfer, the Court finds that the convenience of the parties and witnesses, and the interest of justice would best be served by a transfer of venue pursuant to Sections 1404 and 1406.

Accordingly, the Court **TRANSFERS** the action as to Sedo to the district court of Massachusetts.

E.     <u>NBC Defendants Motion to Reconsider</u>

Given Sedo's Motion, on July 15, 2011, NBC Defendants filed a Motion for Reconsideration to transfer their action to New York or alternatively, Massachusetts.  Local Rule 7-18(a) provides that "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support or in opposition to the original motion."  L.R. 7-18.

In light of Done and Sedo's contractual agreement to execute all litigation in Massachusetts and the Court's Order transferring Sedo's action to Massachusetts, NBC Defendants' Motion to Transfer Venue is **GRANTED** only as to the alternative location of Massachusetts.  Accordingly, the Court **TRANSFERS** NBC Defendants present action to Massachusetts.

III.    <u>RULING</u>

For the foregoing reasons, the Court **TRANSFERS** Sedo and NBC Defendants' action to Massachusetts.

IT IS SO ORDERED.

vpc